UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JOEL H. GOLDSTEIN,<br><br>              Plaintiff,<br><br>  vs.<br><br>NIR GIIST, MAVERICK TRADING POST L.L.C., and MORE BEN YORAM,<br><br>              Defendants. | CIV. 14-5026-JLV<br><br>ORDER |

**INTRODUCTION**

Plaintiff Joel Goldstein filed a complaint against the defendants alleging a violation of the copyright laws of the United States, 17 U.S.C. § 101 *et seq.* (Docket 1). Defendants Maverick Trading Post, L.L.C., ("Maverick") and More Ben Yoram filed motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). (Dockets 7 & 20). Defendant Nir Giist filed a motion to dismiss pursuant to Rule 12(b)(1), Rule 12(b)(6) and 17 U.S.C. § 507(b). (Docket 17). Briefing is complete and the motions are ripe for resolution.

For the reasons stated below, defendant Maverick's motion to dismiss is denied, defendant Giist's motion to dismiss is denied and defendant Yoram's motion to dismiss is granted.

**DISCUSSION**

Rule 12 provides in part:

(b)    . . . a party may assert the following defenses by motion:

      (1)    lack of subject-matter jurisdiction;

> . . . .
>> (6) failure to state a claim upon which relief can be granted . . . .
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. . . . No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

Fed. R. Civ. P. 12(b)(1) & (6). "Motions to dismiss for lack of subject-matter jurisdiction can be decided in three ways: at the pleading stage, like a Rule 12(b)(6) motion; on undisputed facts, like a summary judgment motion; and on disputed facts." Jessie v. Potter, 516 F.3d 709, 712 (8th Cir. 2008).

Under a Rule 12(b)(1) motion to dismiss, a defendant has the right to challenge the "lack of subject-matter jurisdiction . . . ." Fed. R. Civ. P. 12(b)(1). "Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990). "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) (internal citation omitted). "In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion [to dismiss] is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction." Id. (internal citation omitted). While considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, the court must "accept all factual allegations in the pleadings as true and view them in the light most favorable to the nonmoving party." Great

Rivers Habitat Alliance v. Federal Emergency Management Agency, 615 F.3d 985, 988 (8th Cir. 2010). The court "has authority to consider matters outside the pleadings when subject matter jurisdiction is challenged under Rule 12(b)(1). . . . This does not . . . convert the 12(b)(1) motion to one for summary judgment." Harris v. P.A.M. Transp., Inc., 339 F.3d 635, 638 (8th Cir. 2003). "The district court may take judicial notice of public records and may thus consider them on a [Rule 12(b)(1)] motion to dismiss." Stahl v. U.S. Department of Agriculture, 327 F.3d 697, 700 (8th Cir. 2003).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . ." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations, quotation marks and brackets omitted). The "plausibility standard" at the pleading stage requires a showing greater than the mere possibility of misconduct yet less than the probability of misconduct. Id. at 556-58. To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570) (other internal citation omitted). The Court in Iqbal expounded on the "plausibility standard" articulated in Twombly:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " . . .
>
> [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. . . . [O]nly a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well‒pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"—"that the pleader is entitled to relief."

556 U.S. at 678-79 (internal citations omitted). See also Taxi Connection v. Dakota, Minnesota & E. R.R. Corp., 513 F.3d 823, 826 (8th Cir. 2008) ("In analyzing a 12(b)(6) motion, this court assumes all factual allegations in the complaint are true, but the complaint must contain sufficient facts, as opposed

to mere conclusions, to satisfy the legal requirements of the claim to avoid dismissal.") (internal quotation marks omitted).  "A motion to dismiss should be granted if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief."  Id.

While the court must accept plaintiff's "factual allegations . . . [it] need not accept as true [his] legal conclusions even if they are cast in the form of factual allegations . . . ."  Ashley v. U.S. Department of Interior, 408 F.3d 997, 1000 (8th Cir. 2005) (internal citations and quotation marks omitted).  "The burden of proving federal jurisdiction . . . is on the party seeking to establish it, and this burden may not be shifted to the other party."  Great Rivers Habitat Alliance, 615 F.3d at 988 (internal quotation marks and brackets omitted).

A copyright claim must be "commenced within three years after the claim accrued."  17 U.S.C. § 507(b).  "An ownership claim accrues only once, when a reasonably diligent plaintiff would have been put on inquiry as to the existence of a right. . . . Under this rubric, any number of events can trigger the accrual of an ownership claim, including an express assertion of sole authorship or ownership. . . . By contrast, an infringement action may be commenced within three years of *any* infringing act, regardless of any prior acts of infringement; [courts] have applied the three-year limitations period to bar only recovery for infringing acts occurring outside the three-year period."  Kwan v. Schlein, 634 F.3d 224, 228 (2d Cir. 2011) (internal citations, quotation marks and brackets omitted; emphasis in original).  "[T]he statute of limitations cannot be

5

defeated by portraying an action as one for infringement when copyright ownership rights are the true matter at issue." Id. at 229. " '[I]nfringement' claims . . . are time-barred as a matter of law where . . . the underlying ownership claim is time-barred." Id. at 229.

The court is not required to state findings of fact or conclusions of law when ruling on a Rule 12 motion. Fed. R. Civ. P. 52(a)(3). However, in fairness to the parties, the court will set forth its reasons for resolving defendants' motions.

**FACTUAL ALLEGATIONS**

Plaintiff's complaint alleges the following facts which are deemed true for purposes of resolving defendants' motions. Taxi Connection, 513 F.3d at 826.

Mr. Goldstein is a "freelance graphic artist." (Docket 1 ¶ 1). He "produces graphic designs for clients and receives professional fees-for-services rendered." Id. In December 2010, defendant Giist, together with two other individuals, Bar Braver and Ravaye Meltzer, purchased property in Deadwood, South Dakota. Id. ¶ 7. Ms. Braver and Mr. Meltzer asked Mike Young to create both a name and graphic for the store. Id. ¶ 8. The three of them agreed the business should be called "Maverick." Id. Mr. Young asked Mr. Goldstein "to create a logo for the word Marverick." Id.

On January 12, 2011, Mr. Goldstein e-mailed the finished logo to Mr. Young. Id. ¶ 9. The image was that of a "cowgirl and cowboy posing on opposite sides of the word, 'Maverick Trading Post.' " Id.; see Exhibit A (Docket

6

1-1) (the "logo").   Mr. Young, Ms. Braver and Mr. Meltzer approved the logo. (Docket 1 ¶ 9).

At Mr. Young's request, Mr. Goldstein e-mailed the logo in printable form to Ms. Braver and Mr. Meltzer on March 23, 2011.  Id. ¶ 10.   That same day, Ms. Braver placed an order with a Rapid City business to have the logo printed on overhead store signs.[1]   Id.   On April 3, 2011, Ms. Braver or one of her employees picked up three logo signs.[2]   Id. ¶ 11.

On April 22, 2011, Mr. Young observed the logo signs being placed in the Deadwood business' storefront windows.   Id. ¶ 12.   On the same day, Mr. Young e-mailed a photo of the images to Mr. Goldstein.   Id.   Sometime later Mr. Goldstein called Mr. Meltzer and Ms. Braver demanding payment of $100 for use of the image.   Id. ¶ 13.   When the parties were unable to agree on the amount to be paid, Mr. Goldstein demanded the images be taken down as soon as a replacement image could be designed by Ms. Braver.   Id.   Ms. Braver promised to do so.   Id.

In late July 2013, Mr. Young observed the logo on the side of a truck and immediately communicated this observation to Mr. Goldstein.   Id. ¶ 18.   Upon investigation, Mr. Goldstein discovered Mr. Giist filed an application for trademark of the image and the text "Maverick Trading Post" asserting a first

---

[1]The complaint does not identify when Mr. Goldstein learned of this event. The court will view the allegations in the light most favorable to Mr. Goldstein and presume he did not learn of this event until sometime later.   Great Rivers Habitat Alliance, 615 F.3d at 988.

[2]See footnote 1.

date of use in commerce of May 1, 2010.  Id. ¶ 19.  Mr. Goldstein alleges this first use in commerce date is false.  Id.

On July 30, 2013, Mr. Goldstein sent a cease and desist letter to Mr. Giist's attorney demanding the logo and Maverick Trading Post imagery be taken down in advance of the 2013 Annual Sturgis Motorcycle Rally.  Id. ¶ 20; see Exhibit D, Docket 1-4.  Through his attorney, Mr. Giist refused to comply with Mr. Goldstein's demands.  (Docket 1 ¶ 20).  On August 9, 2013, Mr. Goldstein filed a registration with the United States Patent and Trademark Office for work described as "Maverick Trading Post."  Id. ¶ 21; see Exhibit E (Docket 1-5).  It is unclear from the complaint and the registration whether the registration was for the logo or the phrase "Maverick Trading Post."

On April 4, 2014, plaintiff filed his complaint against the defendants alleging willful copyright infringement.  (Docket 1).  Mr. Goldstein seeks "statutory damages for each infringement of Plaintiff's copyrighted image pursuant to 17 U.S.C. § 504[,]" together with attorney's fees and costs.  Id. at pp. 7-8.

### RULE 12(b)(1): SUBJECT MATTER JURISDICTION

"The threshold inquiry in every federal case is whether the court has jurisdiction and we have admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases."  Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964).  "Lack of jurisdiction of the subject matter of litigation cannot be waived by the parties or

ignored by the court." Id. at p. 27. "A federal court has jurisdiction to consider its own subject matter jurisdiction." Robins v. Ritchie, 631 F.3d 919, 930 (8th Cir. 2011).

"To establish its claim for copyright infringement, [plaintiff is] required to prove ownership of a valid copyright and copying of original elements." Rottlund Co. v. Pinnacle Corp., 452 F.3d 726, 731 (8th Cir. 2006) (internal quotation marks omitted). "Copying may be established (1) by direct evidence or (2) by showing that the defendants had access to the copyrighted materials and showing that substantial similarity of ideas and expression existed between the alleged infringing materials and the copyrighted materials." Id.

### DEFENDANT MAVERICK TRADING POST, L.L.C.

Defendant Maverick argues plaintiff's complaint must be dismissed because Mr. Goldstein is not the owner of the logo. (Docket 8 at p. 1). Defendant asserts because the logo was a "work made for hire," Maverick is the owner of the logo. Id. Defendant argues plaintiff cannot show ownership of the logo because of presumption of authorship is with Maverick. Id. at p. 6 (referencing 17 U.S.C. § 201(b)). Defendant claims because plaintiff is not the owner of the logo, he has no standing in federal court to assert a copyright infringement claim. Id.

Under federal law ownership of a copyright is defined:

(a) Initial Ownership.--Copyright in a work protected under this title vests initially in the author or authors of the work. The authors of a joint work are coowners of copyright in the work.

> (b) Works Made for Hire.--In the case of a work made for hire, the employer or other person for whom the work was prepared is considered the author for purposes of this title, and, unless the parties have expressly agreed otherwise in a written instrument signed by them, owns all of the rights comprised in the copyright.

17 U.S.C. § 201(a) & (b).   The phrase "work made for hire" is defined as:

> (1) a work prepared by an employee within the scope of his or her employment; or
>
> (2) a work specially ordered or commissioned for use as a contribution to a collective work, as a part of a motion picture or other audiovisual work, as a translation, as a supplementary work, as a compilation, as an instructional text, as a test, as answer material for a test, or as an atlas, if the parties expressly agree in a written instrument signed by them that the work shall be considered a work made for hire. For the purpose of the foregoing sentence, a "supplementary work" is a work prepared for publication as a secondary adjunct to a work by another author for the purpose of introducing, concluding, illustrating, explaining, revising, commenting upon, or assisting in the use of the other work, such as forewords, afterwords, pictorial illustrations, maps, charts, tables, editorial notes, musical arrangements, answer material for tests, bibliographies, appendixes, and indexes, and an "instructional text" is a literary, pictorial, or graphic work prepared for publication and with the purpose of use in systematic instructional activities.

17 U.S.C. § 101.

"Congress intended to provide two mutually exclusive ways for works to acquire work for hire status: one for employees and the other for independent contractors."   Community for Creative Non-Violence v. Reid, 490 U.S. 730, 747-48 (1989).   "In a 'copyright marketplace,' the parties negotiate with an expectation that one of them will own the copyright in the completed work. . . . With that expectation, the parties at the outset can settle on relevant contractual terms, such as the price for the work and the ownership of reproduction rights."

10

Id. at 749-50.  "To determine whether a work is for hire under the Act, a court first should ascertain, using principles of general common law of agency, whether the work was prepared by an employee or an independent contractor. After making this determination, the court can apply the appropriate subsection of § 101."  Id. at 750-51.

On the status of the record, the court is unable to determine at the time the logo was released by plaintiff to Ms. Brave and Mr. Meltzer whether Mr. Goldstein intended to claim ownership of the logo or was submitting it to the other individuals as a work made for hire.  Defendant Maverick's motion to dismiss under Rule 12(b)(1) on the basis Mr. Goldstein cannot prove ownership, thereby depriving him of the ability under the Copyright Act to pursue an infringement claim, is denied.

Maverick submitted no argument in support of its motion to dismiss for failure to state a claim.  Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim is denied.

DEFENDANT NIR GIIST

Defendant Giist argues (1) under Rule 12(b)(1) plaintiff lacks standing to assert a copyright infringement claim against Mr. Giist, individually; (2) under Rule 12(b)(6) plaintiff fails to state a cause of action upon which relief can be granted against Mr. Giist, individually; and (3) if a claim existed, it is time barred by 17 U.S.C. § 507(b).  (Docket 18).  Each of defendant's grounds for dismissal will be addressed separately.

11

> (1) PLAINTIFF LACKS STANDING TO ASSERT A COPYRIGHT INFRINGEMENT CLAIM AGAINST MR. GIIST, INDIVIDUALLY

The essence of Mr. Giist's motion is that Mr. Goldstein did not own the copyright at the time of the alleged infringement.  <u>Id.</u> at p. 4.  Mr. Giist claims plaintiff may have acquired ownership of the logo on August 9, 2013.  <u>Id.</u>  If that ownership date is correct, Mr. Giist argues under the complaint his infringing conduct occurred before August 9, 2013.  The court already concluded it cannot determine whether Mr. Goldstein or someone else owned the logo.  If Mr. Goldstein owned the logo in 2011, the complaint would state a cause of action against Mr. Giist.

For the reasons stated under the analysis of defendant Maverick's Rule 12(b)(1) motion, Mr. Giist's Rule 12(b)(1) motion to dismiss is denied.

> (2) PLAINTIFF FAILS TO STATE A CAUSE OF ACTION UPON WHICH RELIEF CAN BE GRANTED AGAINST MR. GIIST, INDIVIDUALLY

Mr. Giist submits plaintiff's allegation in the complaint that Mr. Giist controls and operates Maverick is false.  <u>Id.</u> at p. 6.  Even assuming plaintiff's allegation regarding control of Maverick is accurate, Mr. Giist asserts the complaint fails to allege he "is a member, director, officer, or shareholder of the LLC."  <u>Id.</u>  Finally, Mr. Giist argues that even if the complaint alleged "Mr. Giist is a member, shareholder, officer, or director of [Maverick], the Complaint is silent as to any facts which would permit Plaintiff to pierce the company's corporate veil."  <u>Id.</u>

Plaintiff opposes Mr. Giist's argument claiming "Giist may occupy a different formal or informal position with [Maverick]. . . . [and that Maverick], assumably through Nir Giist, responded [to plaintiff's cease and desist letter] by putting up three more hanging banners in and around the Sturgis area." (Docket 22 at p. 3). Plaintiff argues the complaint states a separate, independent claim of copyright infringement because Mr. Giist declared to Mr. Young "that he [Mr. Giist] had no intentions of stopping his use of the Maverick Trading Post image in commerce." Id. at p. 4 (referencing Docket 1 ¶ 24).

Accepting the allegations of the complaint as true for purposes of a Rule 12(b)(6) analysis, the court finds plaintiff has stated a claim for copyright infringement against Mr. Giist, individually.

(3) PLAINTIFF'S CLAIM IS TIME BARRED BY 17 U.S.C. § 507(b)

Mr. Giist argues the complaint must be dismissed against him because he was not served with the summons and complaint until August 5, 2014. (Docket 18 at p. 7). He argues this service of process was beyond the three-year statute of limitation of § 507(b). Id.

"A civil action under the Copyright Act must be 'commenced within three years after the claim accrued.'" Bridgeport Music, Inc. v. Rhyme Syndicate Music, 376 F.3d 615, 621 (6th Cir. 2004) (citing 17 U.S.C. § 507(b)). "A cause of action accrues when a plaintiff knows of the infringement or is chargeable with such knowledge." Id.

13

The complaint alleges Mr. Goldstein became aware of possible copyright infringement on April 22, 2011.  (Docket 1 ¶ 12).  That was the date on which Mr. Young e-mailed a photo of the logo placed in the front window of the Deadwood business.  Id.  Mr. Goldstein is charged with knowledge of a possible copyright infringement as of April 22, 2011.

Pursuant to Fed. R. Civ. P. 3, "[a] civil action is commenced by filing a complaint with the court."  The complaint was filed in federal district court on April 9, 2014.  (Docket 1).  "[I]n federal suits to enforce federal rights, the general rule is that limitation periods are tolled by the filing of a complaint."  Thomsen v. United Parcel Service, Inc., Local 710, International Brotherhood of Teamsters, 792 F.2d 115, 117 (8th Cir. 1986).  The complaint in this case was filed with the court within the three-year statute of limitation mandated by 17 U.S.C. § 507(b).

Defendant Giist's motion to dismiss on the basis of § 507(b) is denied.

DEFENDANT MORE BEN YORAM

Defendant Yoram filed a motion to dismiss and supporting brief pursuant to Rule 12(b)(1) and 12(b)(6).  (Dockets 20 & 21).  Plaintiff did not file a memorandum in resistance to defendant Yoram's motion.  The court's local rules require that "[o]n or before 21 calendar days after service of a motion and brief . . . all opposing parties will serve and file with the clerk of court a responsive brief containing the specific points of law with authorities in support thereof in opposition to the motion."  D.S.D. Civ. LR 7.1.  "Under Rule 41(b) of

14

the Federal Rules of Civil Procedure a court may dismiss an action for failure to comply with rules or court orders."  Braxton v. Bi-State Dev. Agency, 728 F.2d 1105, 1108 (8th Cir. 1984).   The court will analyze defendant Yoram's motion in light of the allegations in the complaint.   For the same reasons stated above relating to the motions of the other defendants, defendant Yoram's motion to dismiss pursuant to Rule 12(b)(1) is denied.

Defendant Yoram argues the complaint fails to "allege any facts which would support any claim of copyright infringement against Mor[e] Ben Yoram, individually . . . ."   (Docket 21 at p. 9).   The only allegation of the complaint involving Mr. Yoram claims he "is a managing member" of Maverick.   (Docket 1 ¶ 3).   There is no allegation Mr. Yoram, independent from the limited liability company, engaged in any conduct constituting copyright infringement.

The court is not permitted "to infer . . . the mere possibility of misconduct." Iqbal, 556 U.S. at 679 (internal quotation marks omitted).   As to defendant Yoram, the complaint fails "to state a claim to relief that is plausible on its face." Id. at 678.   The complaint fails to state a cause of action against Mr. Yoram individually.

Defendant Yoram's motion to dismiss pursuant to Rule 12(b)(6) is granted.

## ORDER

Based on the above analysis, it is hereby

ORDERED that defendant Maverick Trading Post, LLC's motion to dismiss (Docket 7) is denied.

IT IS FURTHER ORDERED that defendant Nir Giist's motion to dismiss (Docket 17) is denied.

IT IS FURTHER ORDERED that defendant More Ben Yoram's motion to dimiss (Docket 20) pursuant to Fed. R. Civ. P. 12(b)(6) is granted.

IT IS FURTHER ORDERED that the complaint (Docket 1) as it relates to defendant More Ben Yoram is dismissed with prejudice.

IT IS FURTHER ORDERED that the remaining defendants' answers to the complaint must be filed on or before **April 17, 2015**.

Dated March 31, 2015.

        BY THE COURT:

        /s/ *Jeffrey L. Viken*
        JEFFREY L. VIKEN
        CHIEF JUDGE